IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEE BEST,                )
                                 )    Civil No. 05-1488-PA
        Petitioner,              )
                                 )
     v.                          )
                                 )
ROBERT LAMPERT,                  )
                                 )    OPINION AND ORDER
        Respondent.              )

    Patrick J. Ehlers
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge his underlying convictions for Sodomy and Sexual Abuse on the basis that his constitutional rights to due process and effective assistance of counsel were violated. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#26) is denied.

## BACKGROUND

On October 13, 1995, petitioner was indicted on five counts of Sodomy in the First Degree and five counts of Sexual Abuse in the First Degree for crimes committed against his son. Respondent's Exhibit 102. On November 8, 1995, attorney John Culver was appointed to represent petitioner and a trial date was set for March 21, 1996. The trial court granted a joint motion for a 60-day continuance, and reset the trial date for May 16, 1996. Fifteen days before trial, petitioner asked the court to appoint a new attorney to represent him. The court granted the motion, and Ivan Vesely was appointed to represent petitioner on May 1, 1996. Vesely obtained the trial file the following day and began working on the case immediately. Respondent's Exhibit 115, pp. 1-2.

A status conference was held on May 7, 1996 where Vesely moved for a 60-day continuance:

> Court:    Mr. Vesely, you asked for a longer setover, but
>           I'm going to give you 45 days to be ready on
>           this case. I can't imagine why Judge Guinasso

2 - OPINION AND ORDER

|  |  |  |
|---|---|---|
|  |  | allowed a substitution of attorney in the first place. |
|  | Vesely: | Well, Your Honor understands that the constitutional right to counsel of course includes [the] right to have a counsel who is prepared . . . it so happen[s] that I feel in my professional opinion that I'm not prepared. |
|  | Court: | All I can say is, Counsel, that was Mr. Best's choice when he fired the last attorney. You've had 120 days to get ready for this case. Without much of a reason to do so I might add. That's not your fault. You're just suffering the results of it. This case is getting real old. It's going to trial in 45 days. I know you've got other cases. All you can do is the best you can. If that's not perfect, so be it. |

Motion Hearing Transcript, pp. 3-4.

The court then indicated to counsel, "I know we're putting you in a bad spot, but the results will fall upon Mr. Best. That doesn't bother me a lot, because I can't imagine why he got -- asked for or got a new attorney in the first place." Id at 5. The court reset the trial date to June 14, which was 45 days from the date of Vesely's appointment. Id.

On June 14, 1996, counsel appeared at calendar call and requested a one-week extension of time on the basis that his investigator had suffered a death in the family earlier in the week. Pretrial Hearing Transcript, p. 2. The court denied the request, and counsel made one last request for a continuance the day before trial. Respondent's Exhibit 114. That request was also denied, and the case proceeded to trial on June 18, 1996 where a jury returned unanimous verdicts on all counts. Trial Transcript Vol. V, p. 99.

3 - OPINION AND ORDER

The trial court ran all sentences consecutively for a total incarceration term of 850 months. Trial Transcript Vol. VI, pp. 90-92.

Petitioner availed himself of his direct appeal remedies, but the Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Best, 158 Or.App. 682, 978 P.2d 456, rev. denied, 328 Or. 464, 987 P.2d 513 (1999).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County, but the PCR trial court denied relief. The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. Best v. Lampert, 200 Or.App. 142, 113 P.3d 991, rev. denied, 339 Or. 230, 119 P.3d 790 (2005).

Petitioner filed this federal habeas corpus action on September 23, 2005. In his Amended Petition for Writ of Habeas Corpus, petitioner raises three grounds for relief:

1. Petitioner was denied due process, a fair trial, and the right to effective assistance of counsel when the court refused to grant a continuance to allow counsel needed time to properly investigate and prepare for trial;

2. Petitioner was denied effective assistance of counsel when his trial counsel failed to properly substantiate his motion for a continuance; and

3. Petitioner was denied effective assistance of counsel when his attorney failed to investigate and prepare for trial.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to fairly present any of his

4 - OPINION AND ORDER

claims to the Oregon state courts, and they are now procedurally defaulted; (2) the state court decisions denying relief on these claims are entitled to deference; and (3) all claims lack merit.

## DISCUSSION

### I. Exhaustion and Procedural Default.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter,

5 - OPINION AND ORDER

529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

    **A.**    **Ground One: Trial Court Error.**

Respondent asserts that petitioner's Ground One claim was not fairly presented to the Oregon state courts because it was not preserved at trial. Specifically, respondent argues that counsel did not raise a constitutional argument in his written motion for continuance, therefore the constitutional claim raised with the Oregon Court of Appeals and Oregon Supreme Court was not presented in a procedural context in which those courts would consider the merits of the claim.

When the trial court refused to allow a full 60-day continuance, petitioner's attorney clearly advised the trial court that the constitutional right to counsel includes the right to have an attorney who is prepared, and further informed the court that he did not feel prepared for trial. Motion Hearing Transcript, pp. 3-4. Although the constitutional argument was not contained in counsel's written motion, counsel's oral argument raising

6 - OPINION AND ORDER

constitutional concerns was sufficient to preserve this issue for appellate review. The court will therefore consider this claim on the merits.

    **B.**    **Grounds Two and Three: Ineffective Assistance of Counsel.**

Respondent also asserts that petitioner failed to fairly present his ineffective assistance of counsel claims in Grounds Two and Three because they were not included in his Petition for Review to the Oregon Supreme Court. In his Petition for Review, petitioner presented the following issue for review: "Whether post-conviction relief must be granted to a defendant whose trial attorney fails to request an instruction telling the jury that it must agree on the material facts that demonstrate guilt." Respondent's Exhibit 156, p. 1. This issue has no relation to the issues raised as Grounds Two and Three.

In a footnote, petitioner advised the Oregon Supreme Court that his "opening brief and supplemental pro se brief presented other issues and, although petitioner is not discussing them, he would like them to be considered by the Court and would like the opportunity to include them in a brief on the merits should this Court grant review." Id. Petitioner's reference to his opening brief and supplemental *pro se* brief related to briefs filed with the Oregon Court of Appeals, not the Oregon Supreme Court. These documents were not appended to his Petition for Review. Petitioner's attempt to incorporate issues by reference by simply

7 - OPINION AND ORDER

instructing the Oregon Supreme Court to look elsewhere for some of his claims is insufficient to fairly present those issues to the Oregon Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."); Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (in order to exhaust, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing."); Insyxiengmay v. Morgan, 403 F.3d 657, 668-69 (9th Cir. 2005) (requiring documents sought to be incorporated by reference to be appended to petition for review so that reviewing court can consider them); see also ORAP 9.05(b) (requiring a petition for review to the Oregon Supreme Court to contain concise statements of the legal questions presented on review).  Indeed, if petitioner desired to have the Oregon Supreme Court review certain claims, he should have specifically raised them in his Petition for Review as required by the Oregon Rules of Appellate Procedure.

Because petitioner's time for presenting Grounds Two and Three to the Oregon Supreme Court passed long ago, they are procedurally defaulted.  Petitioner does not argue cause and prejudice to excuse

8 - OPINION AND ORDER

the default, nor does he argue that he comes within the fundamental miscarriage of justice exception to procedural default.[1]

**II. The Merits.**

    **A. Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

---

[1] Petitioner does argue a freestanding claim of actual innocence in his supporting memorandum, but does not argue it as a gateway claim to excuse his default. To the extent this could be construed as an attempt to also excuse his default, petitioner's allegation of innocence is unsupported by any facts which, if proven, would allow the court to excuse his default and adjudicate his defaulted claims on the merits. See Schlup v. Delo, 513 U.S. 298 (1995).

9 - OPINION AND ORDER

and nevertheless arrives at a result different from [that] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u> at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. <u>Id</u> at 410. The state court's application of clearly established law must be objectively unreasonable. <u>Id</u> at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

Petitioner asks the court not to defer to the state court decisions in this case because respondent took inconsistent positions in the state court litigation regarding the issue of trial counsel's continuance motion. He claims that the State argued during direct appeal that the motion for continuance was insufficient, but then defended a claim of ineffective assistance of

counsel during petitioner's PCR proceedings by arguing that the motion for continuance was properly drafted and therefore sufficient. Consequently, petitioner asks the court to order his release unless the State gives him another PCR hearing in which it maintains a consistent position. In the alternative, he contends that no deference should be given to the state court decisions.

The appropriate time to raise a judicial estoppel argument was during petitioner's PCR proceedings when the inconsistency became apparent. Petitioner did just that in his PCR Appellant's Brief when he identified the inconsistencies in the State's positions. Respondent's Exhibit 145, p. 10. The state court was therefore aware of petitioner's judicial estoppel position, but ruled against him nevertheless. Moreover, petitioner does not cite, and the court is unable to find, any authority for the proposition that the deference afforded to state court decisions during the adjudication of a federal habeas action is simply not due where a respondent took inconsistent positions during direct and collateral state court proceedings. The court therefore lends deference to the state court decisions.

B. **Analysis**.

In his sole remaining claim, petitioner alleges that the trial Judge's refusal to grant him a final one-week continuance violated his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law. The matter of continuance falls within

11 - OPINION AND ORDER

the discretion of the trial judge. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). "Trial judges necessarily require a great deal of latitude in scheduling trials" due to the problems associated with assembling witnesses, lawyers, and jurors. Morris v. Slappy, 461 U.S. 1, 11 (1983); United States v. Garrett, 179 F.3d 1143, 1145 (9th Cir. 1999). A petitioner alleging he was denied the right to assistance of counsel due to the court's denial of a continuance must demonstrate "an unreasoning and arbitrary 'insistence upon . . . expeditiousness in the face of a justifiable request for delay.'" Morris, 461 U.S. at 11-12 (quoting Ungar, 376 U.S. at 589). In evaluating decisions denying continuances, reviewing courts must pay particular attention to the reasons presented to the trial judge in support of the request for continuance. Ungar, 376 U.S. at 589. The denial of a continuance will lead to habeas corpus relief only if petitioner can show that he actually suffered prejudice as the result of the denial. Gallego v. McDaniel, 124 F.3d 1065, 1072 (9th Cir. 1997).

In this case, counsel was allowed 45 days from the date of his appointment to prepare for trial. Petitioner asserts that the one-week continuance which counsel requested was essential to the defense because counsel and his investigator would have had additional time to interview witnesses, prepare for the cross-examination of petitioner's wife, and obtain needed experts. He further asserts that the additional time would have allowed counsel

12 - OPINION AND ORDER

time to familiarize himself with the case and consult with his client about strategy and witnesses.

Petitioner has had 11 years and numerous direct and collateral review proceedings in which to determine how his defense actually suffered as a result of the denial of the requested one-week continuance. Petitioner fails to specifically identify any witness testimony which would have been beneficial to his case, how his strategy suffered, or how counsel's lost opportunity to further familiarize himself with the case over the course of one week would have made a difference in the outcome of the trial. Instead, he relies on general assertions that additional time would have been beneficial. Because petitioner's general assertions are insufficient to demonstrate actual prejudice, he has not shown that the trial court's decision to deny a continuance deprived him of his right to due process of law or the effective assistance of counsel. Accordingly, upon an independent review of the record, the state court decisions denying relief on this claim are neither contrary to, nor unreasonable applications of, clearly established federal law.

## III. **Actual Innocence and Request for Evidentiary Hearing**.

Finally, petitioner asserts that he is actually innocent, and asks the court to hold an evidentiary hearing on this claim to give him an opportunity to personally address the court on the issue of his innocence. Petitioner seeks to raise a freestanding claim of

actual innocence, not a gateway claim to excuse a procedural default.

As an initial matter, petitioner's freestanding claim of actual innocence was not raised in his Amended Petition for Writ of Habeas Corpus, thus it is not properly before the court.  See Rule 2(c) of the Rules Governing Section 2254 Cases (the petition must specify all the grounds for relief available to the petitioner).  In addition, the Supreme Court has only ever assumed without deciding that "in a **capital case** a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." Herrera v. Collins, 506 U.S. 390, 417 (1993) (emphasis added); see also House v. Bell, 126 S.Ct. 2064, 2087 (2006) (declining to decide whether a capital petitioner could raise a freestanding claim of actual innocence).  Neither the Supreme Court nor the Ninth Circuit has ever held that a non-capital litigant may raise a freestanding claim of actual innocence in a federal habeas corpus case.

Assuming that petitioner had properly raised such a claim in his Amended Petition, and further assuming that he is entitled to bring a freestanding claim of actual innocence in a non-capital habeas action, the facts of this case do not entitle him to relief. The threshold for such a claim is "extraordinarily high," and exceeds that of a "gateway" showing of actual innocence to excuse a

14 - OPINION AND ORDER

procedural default under Schlup v. Delo, 513 U.S. 298 (1995). House, 126 S.Ct. at 2067-68. To prevail on a freestanding innocence claim, a petitioner "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

In this case, petitioner claims that he "has consistently maintained that he is actually innocent of the offenses for which he was convicted." Memo in Support (#27), p. 17. He claims that he would testify at an evidentiary hearing regarding facts that demonstrate his actual innocence, but he fails to identify what those facts are. Because petitioner has not alleged any facts which can demonstrate his innocence, he cannot prevail on his freestanding claim of actual innocence. For the same reason, petitioner is not entitled to an evidentiary hearing. Belmontes v. Woodford, 335 F.3d 1024, 1053-54 (9th Cir. 2003) (an evidentiary hearing will not be granted in the absence of specific allegations which, if proven, would warrant habeas corpus relief).

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#26) is DENIED.

IT IS SO ORDERED.

DATED this   18   day of September, 2007.

                            /s/ Owen M. Panner
                            Owen M. Panner
                            United States District Judge